UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY                                                                                           PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:15cv605-DPJ-FKB

MICHAEL HARPER                                                                                            DEFENDANT

ORDER

This diversity action is before the Court on Defendant Michael Harper's Motion for Additional Time to Conduct Discovery [14] pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiff American General Life Insurance Company ("American General") has responded in opposition and Harper elected not to reply. The Court, having considered the parties' memoranda and the relevant authorities, concludes that discovery is not warranted and that Harper's Motion should be denied.

I.      Background

This case involves a dispute over a life-insurance policy under which Defendant Michael Harper was the primary beneficiary and his wife, Patricia Harper, was the insured. Compl. [1] at 4. Following Mrs. Harper's death, American General denied Mr. Harper's claim and rescinded the policy on the ground that the Harpers' application contained "false statements or concealments of fact." *Id.* at 7.

On July 6, 2015, Harper sued American General in the Circuit Court of Hinds County, Mississippi. Then, on August 19, 2015, American General initiated the present action in this Court by filing a Complaint to Compel Arbitration [1] under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. Harper answered [6] and asserted various affirmative defenses. He also

moved to dismiss the Complaint. American General subsequently moved to compel arbitration [9].

Harper now urges the Court to defer ruling on Plaintiff's Motion to Compel Arbitration and allow him to conduct discovery as to facts he claims are necessary to substantively oppose the Motion. Specifically, Harper contends that the Motion to Compel Arbitration should be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure because it requests that the underlying action be dismissed with prejudice. Def.'s Mot. [14] at 1. He also claims that the Motion to Compel is premature because Harper has "not had the benefit of discovery to determine facts and information known only to the movant and its agents." *Id.* at 2. Finally, he asserts—without any elaboration or legal authority—that a dispute exists as to whether the arbitration agreement itself "is applicable or void due to the fraud perpetrated by the agent of the Plaintiff." *Id.*

II.     Analysis

The Federal Arbitration Act ("FAA") represents a "liberal federal policy favoring arbitration agreements . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). It was "Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses*, 460 U.S. at 22. Significantly, "the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally." *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967). "Only if the allegation of fraud goes specifically to the making of the agreement to arbitrate must a district court address the merits of the fraud claim." *Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1265 n.4 (5th Cir. 1994).

As a result, courts in this district have "generally denied arbitration-related discovery absent a compelling showing that such discovery is required." *Bell v. Koch Foods of Miss., LLC*, No. 3:08-cv-697-WHB- LRA, 2009 WL 1259054, at *3 (S.D. Miss. May 5, 2009), *aff'd*, 358 F. App'x 498 (5th Cir. 2009); *see also Kulpa v. OM Fin. Life Ins. Co.*, No. 1:07cv1136HSO-RHW, 2008 WL 351689, at *1–2 (S.D. Miss. Feb. 6, 2008); *Ameriprise Fin. Servs., Inc. v. Etheredge*, No. 3:07-cv-404 (S.D. Miss. Sept. 17, 2007), *aff'd*, 277 F. App'x 447 (5th Cir. 2008); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 829 (S.D. Miss. 2001), *aff'd sub nom. Bank One NA v. Coates*, 34 F. App'x 964 (5th Cir. 2002) (unpublished table decision).

Defendant has not made a compelling showing. According to him, "[t]he crux of the disagreement before the court is whether the arbitration agreement . . . is applicable or void due to the fraud perpetrated by the agent of the Plaintiff." Def.'s Mot. [14] ¶ 2. To develop that theory, Harper seeks six categories of discovery, *see id.* ¶ 7, only two of which potentially relate to the arbitration-agreement. *Id*. Those two seek discovery of:

> b. Information and perspective of Clyde Stingley, agent of Plaintiff, to determine facts relevant to the arbitration agreement adhered to that application and insurance policy issued to the Harpers; . . . [and]
>
> f. Information and perspective of Ronalda Adcock, agent of Plaintiff, to determine facts relevant to the arbitration agreement adhered to the application for the Policy.

Def.'s Mot. [14] ¶ 7.

While these vague requests mention the phrase "arbitration agreement," Harper never explains in his motion whether he challenges that specific clause or the contract as a whole. Nevertheless, his state-court complaint focuses on alleged misrepresentations related to the entire life-insurance policy, rather than the arbitration agreement itself. *See* Compl., Ex. A [1-1]

3

¶¶ 9, 28–37.  Absent allegations of fraud speaking "specifically to the making of the agreement to arbitrate," there are no relevant issues before the Court that would permit discovery.  *Snap-on Tools Corp.*, 18 F.3d at 1265 n.4.

Even assuming Harper could now attack the arbitration agreement itself, he fails to provide a more specific theory as to why the arbitration agreement might be void or what he hopes to discover about it.  Presumably, Harper possesses personal knowledge regarding what he was told, or should at least be able to explain a theory.  *See Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 501 (5th Cir. 2009) (affirming denial of arbitration-related discovery where movant had personal knowledge of facts and otherwise failed to show why discovery was needed).

As it stands, Harper merely seeks an improper fishing expedition without explanation or supporting legal authority.  *See Cotton v. GGNSC Batesville, LLC*, No. 3:13-CV-00169-DMB-SAA, 2014 WL 3696066, at *5 (N.D. Miss. July 23, 2014) (rejecting request for discovery "based on nothing more than the possibility of discovering relevant evidence"); *Hawkins v. Wells Fargo Bank, N.A.*, No. 1:07-cv-399, 2008 WL 607155, at *1 (S.D. Miss. Feb. 29, 2008) (denying arbitration-related discovery where proponent lacked "even . . . a good faith belief that the proposed discovery is anything more than a fishing expedition").  Harper has not presented a compelling reason for discovery.

III.    Conclusion

The Court has considered the parties' arguments and concludes that Harper has not demonstrated a sufficient basis for allowing discovery.  Defendant's Motion for Additional Time

to Conduct Discovery [14] is therefore denied.  Harper will be permitted fourteen (14) days from the entry of this Order to respond to Plaintiff's Motion to Compel Arbitration [9].

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE